<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COLDWELL BANKER REAL ESTATE, LLC, | : : : : | |
| Plaintiff, | : : | Civil Action No. 11-6524 (SRC) |
| v. | : : : | OPINION |
| JUPE REAL ESTATE, LLC, ET AL., | : : : | |
| Defendant. | : : | |

**<u>CHESLER</u>, District Judge**

This matter comes before the Court on the motion to remand filed by Plaintiff Coldwell Banker Real Estate, LLC ("Coldwell Banker" or "Plaintiff") [docket entry no. 6]. Defendants Jupe Real Estate, LLC ("Jupe Real Estate") and Daniel Jupe ("Jupe") (collectively, "Defendants") filed opposition to the motion [docket entry no. 10]. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Plaintiff's motion to remand, and thus Defendants' pending cross-motion for a transfer of venue to the Western District of Texas [docket entry no. 9] will be denied as moot.

**I.    BACKGROUND**

Plaintiff seeks to remand this action for untimely removal from state court. The underlying dispute in this case arises from two franchise agreements entered into between Plaintiff Coldwell Banker, the franchisor, and Jupe Real Estate, the franchisee, for the operation of two real estate brokerage offices in the State of Texas. Defendant Daniel Jupe and his wife,

Tammy F. Jupe, provided Plaintiff with a personal guaranty of Jupe Real Estate's obligations under each of the franchise agreements. (Compl., ¶ 30.) According to the Complaint, Jupe Real Estate subsequently breached the agreements by failing to disclose and pay on certain franchise transactions. *Id.*, ¶ 33. On February 19, 2010, Plaintiff notified Jupe Real Estate that it was terminating the franchise agreements, and, accordingly, directed Jupe Real Estate to cease using Coldwell Banker trademarks. *Id.*, ¶ 39. Plaintiff asserts that Jupe Real Estate continued using Coldwell Banker trademarks in connection with one of the Texas offices, following termination of the agreements, in spite of notifications from Plaintiff to cease and desist. *Id.*, ¶ 43. On October 29, 2010, Coldwell Banker filed a Complaint in the Superior Court of New Jersey, Morris County, asserting, *inter alia*, infringement and dilution of its trademark, breach of contract, and breach of the guaranty provided by Defendant Jupe and his wife.

More than one year later, on November 7, 2011, Defendant Jupe Real Estate filed a notice of removal. It contended that removal was timely because it did not receive notice that it had been served by Substituted Service until October 20, 2011, when Daniel Jupe "received a copy of pleadings and exhibits that he had received by regular mail." (Notice of Rem., ¶ 7, docket no. 1.) Defendants also appended the affidavit of Tammy Jupe, the registered agent for Jupe Real Estate, averring that she first received a copy of the summons and Complaint on October 31, 2011, from her sister, to whom these items had been mailed. (Notice of Rem., Ex. E.) Defendant contended that the action was removable because Plaintiff's suit raises claims under various provisions of the Lanham Act, 15 U.S.C. § 1114(1)(a), § 1116(d)(1)(B), § 1117, and § 1125, and thus involves a federal question. 28 U.S.C. § 1331, 1441(b). Moreover, Defendant noted, federal district courts have original jurisdiction over trademark cases arising under federal law, pursuant to 28 U.S.C. § 1338. Defendant further contended that the action was removable pursuant to 28 U.S.C.

§ 1332, inasmuch as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

Plaintiff filed the instant motion for remand on December 6, 2012. Plaintiff contends that the notice of removal contains an erroneous procedural history, and misstates the manner in which Defendants were served. Plaintiff argues that Jupe Real Estate did not file the notice of removal until more than six months after it was properly served. Thus, removal was untimely according to 28 U.S.C. § 1446, and the matter should be remanded to state court. For the reasons set forth below, the Court agrees.

## II. DISCUSSION

The statute governing removal to the federal district court requires that:

> The notice or removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The United States Supreme Court has interpreted this thirty-day removal period to be triggered by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). In accordance with the strict construction of removal statutes against removal, and in favor of remand, *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339, 344 (3d Cir. 1974), cert. denied 421 U.S. 937, 95 S. Ct. 1666 (1974), reh'g. denied 421 U.S. 1006, 95 S. Ct. 2408 (1975), the 30-day period for removal "may not be varied even by the

voluntary action of the parties, nor may a court enlarge such period in an exercise of discretion." *Aguado v. Milwaukee Electric Tool Corp.*, 1990 U.S. Dist. LEXIS 2033, at *4 (E.D.N.Y. Feb. 26, 1990) (citing 1A J. Moore, B. Ringle, J. Wicker, *Moore's Federal Practice*, para. 0.168, pp. 603-605) (noting that the right to removal is "purely statutory.").

Here, Plaintiff argues that Defendant Jupe Real Estate was properly served with the summons and Complaint on May 19, 2011, and thus Defendant's notice of removal, filed on November 7, 2011 was untimely. Plaintiff explains as follows: the original Complaint names Jupe Real Estate, Daniel Jupe, and Tammy Jupe as Defendants. On November 10, 2010, Plaintiff filed an Affidavit of Diligent Inquiry, so that it could effectuate service on the Defendants through personal service at their respective Texas addresses. (Kopco Cert., Ex. 2.) The Summons and Complaint were served upon Daniel Jupe on January 12, 2011, according to the Affidavit of Service filed with the Superior Court. *Id.*, Ex. 3. On the same date, Daniel Jupe was also served as Jupe Real Estate's authorized agent. *Id.*, Ex. 4. Plaintiff claims that, in spite of its attempts, it was unable to serve Tammy Jupe before she filed for bankruptcy on May 3, 2011, so it discontinued its claims against her without prejudice. In January of 2011, Plaintiff's counsel was contacted by Ronald J. Shaw, Esq., identifying himself as Daniel Jupe's attorney, advising that Daniel and Tammy Jupe had divorced. *Id.*, ¶ 8. Daniel Jupe claimed that he was no longer a part of Jupe Real Estate, so Plaintiff sought to serve the company a second time through service upon its registered agent, Tammy Jupe. Plaintiff filed a Motion for Substituted Service, which was granted on May 11, 2011. *Id.*, Exs. 6, 9. Consistent with the Order of May 11, 2011, Plaintiff served Jupe Real Estate according to New Jersey Court Rule 4:4-4(b)(1)(C)(3), via regular and certified mail to Tammy Jupe's last known address, 332 A. Mountain Top, Spring Branch, Texas, on May 19, 2011. *Id.*, Ex. 10. The Summons and

Complaint sent via ordinary mail were not returned, rendering service complete. *Id.*, ¶ 4. Meanwhile, Daniel Jupe had not timely responded to the Complaint, so default was entered by the state court on April 7, 2011. Jupe Real Estate likewise did not respond, and default was entered against it on June 30, 2011. *Id.*, Ex. 11. Copies of the entries of default were sent to the addresses at which Daniel Jupe and Jupe Real Estate, respectively, were previously served. *Id.*, Ex. 12.[1] On October 18, 2011, Plaintiff filed a Motion for Final Judgment by Default. *Id.*, Ex. 13. Shortly thereafter, on November 7, 2011, Jupe Real Estate filed a notice of removal.

With respect to Defendant Jupe Real Estate's contention that it was not served until October 20, 2011, Plaintiff correctly notes that the only alleged support for this assertion is the Affidavit of Ms. Jupe. Ms. Jupe complains that she was not served at her home address, which has "always" been 1409 A Martin, Pleasanton, Texas. (Notice of Rem., Ex. E.) However, this is contradicted by other items in the record. For instance, Ms. Jupe's May 3, 2011 bankruptcy petition lists her street and mailing address as 332 A Mountain Top, Spring Branch, Texas, the address where Plaintiff served Ms. Jupe via substituted service on May 19, 2011. (Kopco Cert., Ex. 5.)[2] Moreover, Plaintiff initially attempted to serve Ms. Jupe at the 1409 A Martin address, but its process server was advised by Ms. Jupe's former husband that she no longer lived there.

---

[1] Jupe Real Estate complains that Mr. Shaw was not served with the Motion for Substituted Service and for Default; instead, these were only sent to Mr. Jupe, although Mr. Shaw had previously advised Plaintiff that he represented Mr. Jupe. However, it appears that Mr. Shaw never sought to be admitted *pro hac vice* to represent Mr. Jupe or Jupe Real Estate in the state court action. Thus, it was proper for Plaintiff to serve the motions at issue to the address at which Mr. Jupe was previously served, pursuant to New Jersey Court Rule 4:43-1.

[2] The Court also notes that Ms. Jupe's bankruptcy petition, at page 32, lists her *prior* address as 1409 A Martin, Pleasanton, Texas 78064, and states that she lived there until June of 2010. Ms. Jupe's driver's license, a copy of which is appended to her Affidavit, indicates that it was issued on May 6, 2010, and thus it is consistent with Ms. Jupe having resided at the 1409 A Martin, Pleasanton, address, until June of 2010, at which point she apparently relocated to 332 A Mountain Top, Spring Branch, Texas. (Notice of Rem., Ex. E.)

*Id.*, Ex. 7.  The affidavit of a subsequent process server indicates that multiple attempts were made to serve Ms. Jupe at her office building, in March and April of 2011, through scheduled meetings, but that all of these meetings were cancelled by Ms. Jupe.  *Id.*, Ex. 8.[3]  Moreover, regardless of Ms. Jupe representation that she did not receive the summons and Complaint until October 20, 2011, service to Ms. Jupe's last known address (the one listed on her May 3, 2011 bankruptcy petition), was authorized by the state court's May 11, 2011 Order, and was completed on May 19, 2011.  Thus, it appears that Jupe Real Estate was properly served with the summons and Complaint as of that date.  Its notice of removal to federal court was not filed until November 7, 2011, well after the expiration of the 30-day time-limit imposed by 28 U.S.C. § 1446(b).  Accordingly, the Court shall remand this action.[4]

### IV.  CONCLUSION

For the foregoing reasons, this matter shall be remanded to the Superior Court of New Jersey, Law Division, Morris County, and Defendants' cross-motion for a transfer of venue shall be dismissed as moot.  An appropriate form of order will be filed together with this Opinion.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: February 14, 2012

---

[3] Ms. Jupe also initiated an action against Plaintiff in the State of Texas on April 8, 2011 (which was stayed on November 30, 2011), indicating her awareness of Plaintiff's dispute with Jupe Real Estate.  *Id.*, Ex. 14.

[4] The Court did not consider Plaintiff's argument that removal was defective because it was not unanimous, in violation of 28 U.S.C. § 1446(a).  This objection was not raised within the 30 days required by 28 U.S.C. § 1447(c), and was improperly asserted for the first time in a reply brief.  S*ee, e.g., United States v. Medeiros*, 710 F. Supp. 106, 110 (M.D.Pa. 1989), aff'd 884 F.2d 75 (3d Cir. 1989).